UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 06-CV-6354 (JFB)
_____

PEDRO HEUREAUX,

Petitioner,

VERSUS

EKPE D. EKPE,

Respondent.

_____

MEMORANDUM AND ORDER
July 2, 2007
_____

JOSEPH F. BIANCO, District Judge:

Pedro Heureaux (hereinafter "Heureaux" or "petitioner") petitions this Court *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was charged with burglary, attempted robbery, criminal possession of a weapon and criminal use of a firearm. Pursuant to a negotiated plea agreement, petitioner pled guilty to one count of burglary in the first degree. On July 24, 2003, Judge Alan Honorof of the Supreme Court of the State of New York, Nassau County, sentenced petitioner to a term of imprisonment of five years, to be followed by two and one-half years of post-release supervision.

Petitioner challenges his conviction on the following grounds: illegal arrest, ineffective assistance of counsel and prosecutorial misconduct. Respondent moves to dismiss the petition due to petitioner's failure to exhaust his state remedies or, in the alternative, for denial of the petition as procedurally barred.

For the reasons set forth below, petitioner's request for a writ of habeas corpus is dismissed without prejudice, due to his failure to exhaust any of the claims raised in his petition by seeking leave to appeal to the New York Court of Appeals.

I. BACKGROUND

A. The Facts

The following facts are adduced from the instant petition, the underlying record and the parties' affidavits.

On December 18, 2002, at approximately 3:51 p.m., petitioner approached 11 Margarite Avenue in Elmont, New York, a township in Nassau County. (Plea Transcript (hereinafter "Tr.") at 10.) Petitioner was accompanied by Felix Garcia ("Garcia"), who had a gun in his possession. (*Id.*) Petitioner claims that he planned to enter the home without permission and obtain cigarettes. (*Id.*)

Jacob Joseph ("Joseph"), the owner of the residence, answered the door. (Sternberg Affidavit in Opposition (hereinafter "Sternberg Aff.") ¶ 4.) Garcia displayed the gun as a threat, and a fight ensued. (Tr. 10.) During the fight, Garcia struck Joseph in the face with the weapon, and Joseph bit petitioner's hand. (Sternberg Aff. ¶ 4.) At that point, petitioner cursed and left the property with Garcia. (Resp.'s Ex. 1, Pet.'s Appellate Br., at 1)

Petitioner was apprehended shortly thereafter and admitted that he and Garcia had gone to Joseph's home with the intent to steal property. (Sternberg Aff. ¶ 4.)

B. Procedural History

Petitioner was charged with four counts of burglary in the first degree [N.Y. Penal Law § 140.20(1)], three counts of attempted robbery in the first degree [N.Y. Penal Law §§ 110.00, 160.15], criminal possession of a weapon in the third degree [N.Y. Penal Law § 265.02], criminal use of a firearm in the first degree [N.Y. Penal Law § 265.09], and assault in the second degree [N.Y. Penal Law § 120.05].

Pursuant to a plea agreement, petitioner pled guilty to one count of burglary in the first degree on June 12, 2003, in satisfaction of the indictment. (Tr. 12.) In accepting the plea agreement, petitioner withdrew his motions and waived his right to appeal. (Tr. 7.) On July 24, 2003, petitioner was sentenced to a term of imprisonment of no more than five years – the minimum term permissible by law – followed by two and one-half years of post-release supervision. (Sentencing Transcript (hereinafter "Sent. Tr.") at 4.)

On March 28, 2006, petitioner appealed to the Appellate Division, Second Department, where his appointed appellate counsel filed a brief seeking relief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Sternberg Aff. ¶ 7.) Petitioner also filed a *pro se* supplemental brief, raising claims of illegal arrest, ineffective assistance of counsel, prosecutorial misconduct, and excessive sentence. (*Id.*) The Appellate Division affirmed Heureaux's conviction in a decision and order dated October 31, 2006, finding that *Anders* relief was unwarranted and that petitioner's supplemental *pro se* brief did not raise any nonfrivolous issues. *People v Heureaux*, 822 N.Y.S.2d 720 (N.Y. App. Div. 2006).

Notice of entry of the Appellate Division's order was served on petitioner on November 7, 2006. (Pet.'s Br., Ex. C.) However, petitioner did not seek leave to appeal to the New York Court of Appeals from the Appellate Division's order affirming his conviction, nor did he apply for an extension of time to seek leave to appeal.

On November 2, 2006, petitioner moved in the United States District Court for the Northern District of New York for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Because Nassau County was the site of petitioner's trial and sentencing, the case was transferred to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1406(a). *Heureaux v. Ekpe*, No. 06-CV-1335 (LEK) (DEP), No. 06-6354 (JFB) (Nov. 2, 2006) (order transferring case); *see also Naum v. Brown*, 604 F. Supp. 1186, 1188 (E.D.N.Y. 1985) (transferring habeas petition to judicial district in which the conviction and sentencing of the petitioner took place).

## II. DISCUSSION

In his petition for a writ of habeas corpus, petitioner argues the same issues – namely, illegal arrest, ineffective assistance of counsel, and prosecutorial misconduct – that he unsuccessfully raised before the Appellate Division. Respondent argues that the petition should be dismissed without prejudice because petitioner failed to exhaust any of these claims before the State's highest court.

As set forth below, the Court agrees with respondent. Petitioner has never sought permission to appeal the Appellate Division's affirmance of the judgment of conviction to the New York Court of Appeals. Therefore, the State's highest court has never had the opportunity to review petitioner's claims. Although the time for filing an application for leave to appeal to the Court of Appeals has expired, petitioner can still apply for an extension of time within which to seek appeal. Therefore, his petition must be dismissed without prejudice so that he can exhaust these claims with the Court of Appeals.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal habeas petition must be dismissed if the petitioner has failed to exhaust all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). "This exhaustion requirement is grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rhines v. Weber*, 544 U.S. 269, 273 (2005) ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity . . . to correct a constitutional violation.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) (holding that "the exhaustion requirement 'serves to minimize friction between our state and federal systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'") (quoting *Duckworth v. Serrano*, 454 U.S. 1, 2 (1981) (*per curiam*))); *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) ("By requiring exhaustion, federal courts recognize that state courts, 'no less than federal courts, are bound to safeguard the federal rights of state criminal defendants.'") (quoting *Daye v. Att'y General of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). Therefore, under the exhaustion requirement, a petitioner must provide the state courts with an opportunity to consider fully each of his habeas claims. *Jones*, 329 F.3d at 294-95 ("Exhaustion requires a petitioner fairly to present the federal claim in state court.") (citing *Strogov v. Att'y General of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999)).

3

In this case, although Heureaux claims that his state court remedies have been exhausted, it is clear from the record that the New York State Court of Appeals was never presented with, and never decided, any of the claims in the instant petition.[1] "[S]tate review ends when the state courts have finally resolved an application for state postconviction relief." *Roper v. Weaver*, 127 S. Ct. 2022, 2023-24 (2007) (quoting *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007)). As the Court of Appeals has not had the opportunity to review the grounds for habeas relief presented in the instant petition, Heureaux's request for postconviction relief has not been "finally resolved" by the courts of this State, and his petition is therefore unexhausted. *Roper*, 127 S. Ct. at 2023-24.

Because petitioner has not exhausted any of the claims raised in this petition and may still seek to do so under New York law, the proper procedure is to dismiss the petition without prejudice to it being refiled after the petitioner has exhausted his state court remedies.[2] *See, e.g., Carpenter v. Reynolds*,

---

[1] Although petitioner claims to have appealed his conviction to the Court of Appeals, and that such conviction was affirmed by that court on July 21, 2006, petitioner is mistaken. Based on the court's review of the underlying state record, petitioner is referring to a July 21, 2006 decision, *People v. Heureaux*, 854 N.E.2d 1284 (N.Y. 2006), *reconsideration denied*, 860 N.E.2d 73 (N.Y. 2006), in which the Court of Appeals dismissed petitioner's motion for leave to appeal the Appellate Division's June 27, 2006 order, *People v. Heureaux*, No. 03-8419, 2006 N.Y. Slip. Op. 71154(U) (N.Y. App. Div. Jun. 27, 2006), which denied petitioner the opportunity to file a supplemental brief to his direct appeal before the Appellate Division. Therefore, it is clear that petitioner's filing with the Court of Appeals only addressed the Appellate Division's denial of an opportunity to file a supplemental brief with the Appellate Division, and did *not* address the merits of his appeal. In fact, the Appellate Division did not issue its decision affirming petitioner's conviction until *after* the issue of the supplemental briefing before the Appellate Division was decided by the Court of Appeals. Accordingly, despite petitioner's assertion to the contrary, it is clear from the record that petitioner never sought review in the Court of Appeals of the Appellate Division's October 31, 2006 decision, *People v. Heureaux*, 822 N.Y.S.2d 720 (N.Y. App. Div. 2006), which affirmed his July 24, 2003 conviction.

[2] Petitioner was entitled to seek permission to appeal to the Court of Appeals by December 6, 2006, thirty days after entry of the Appellate Division's order affirming the judgment of conviction. N.Y. Crim Proc. Law. § 460.10(5). Although petitioner failed to make such an application within the requisite time period, New York Criminal Procedure Law § 460.30(1) permits a defendant an additional year, after the thirty days statutorily provided to seek leave, within which to seek permission to file a late leave application. Heureaux's time to file such application has not expired, and he has until December 6, 2007 to apply for such relief. Petitioner's conviction shall become final ninety days after the New York Court of Appeals issues a final decision, after which he may no longer file a petition for certiorari. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (judgment of conviction becomes final when time to seek direct review in the United States Supreme Court expires). Under 28 U.S.C. § 2244(d)(1)(A), petitioner has one year from this date to file a federal habeas petition in this Court, excluding any time during which the limitations period is statutorily tolled under 28 U.S.C. § 2244(d)(2). *Day v. McDonough*, 126 S. Ct. 1675, 1679 (Apr. 25, 2006) ("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year limitations period for filing [habeas] petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

4

212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) (holding that, where a habeas petition sets forth only unexhausted claims, the district court has no basis to retain jurisdiction while the petitioner pursues exhaustion in the state courts); *Ramos v. Superintendent of Clinton Corr. Facility*, No. 01-CV-8743 (LAP) (FM), 2002 WL 1226860, at *3 (S.D.N.Y. Apr. 12, 2002) ("As the Second Circuit recently has indicated, if [the] petition contained any exhausted claims, the appropriate course of action would be to dismiss the unexhausted claims, stay the remainder of the petition, and direct [petitioner] to notify the Court within a short period after he has completed the exhaustion of his state court remedies. Here, however, [the] petition contains no exhausted claims. Accordingly, this Court has no basis to retain jurisdiction while [petitioner] pursues exhaustion.") (citation omitted); *Channer v. Brooks*, No. 399-CV-2564 (CFD), 2001 WL 1094964 at *4 n.3 (D. Conn. Sept. 10, 2001) (dismissing habeas petition for failure to exhaust any claim in the petition). However, the principles of comity underlying the exhaustion requirement would be substantially undermined if petitioners were permitted to immediately run to federal court to file habeas petitions containing no exhausted claims, and then obtain a stay as they litigated those issues on direct appeal in the state courts (even though the AEDPA statute of limitations is not implicated at that juncture).[3] Therefore, the Court concludes that dismissal without prejudice, rather than a stay, is the appropriate course for allowing petitioner to exhaust his claims in the New York Court of Appeals.

III. CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED and the instant petition is DISMISSED without prejudice. Because Heureaux has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

July 2, 2007
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. The attorney for respondent is Kathleen Rice, Esq., Nassau County District Attorney, by Judith R. Sternberg, Esq., Nassau County District Attorney's Office, 262 Old Country Road, Mineola, New York 11501.

_____

time for seeking such review.") (quoting 28 U.S.C. § 2244(d)(1)(A)).

[3] The situation would be different, under *Zarvela v. Artuz*, 254 F.3d 374, 380-82 (2d Cir. 2001), and *Rhines v. Weber*, 544 U.S. 269, 273 (2005), if this were a "mixed" petition containing both exhausted and unexhausted claims, because staying the petition to allow exhaustion may be appropriate under such circumstances. However, here, no claims have been exhausted.

5